## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| BRIAN JACKSON, individually and on behalf of all others similarly situated | * * * | CIVIL ACTION NO.:_____ |
| VERSUS | * * | MAGISTRATE: |
| LIVINGSTON PARISH FIRE PROTECTION DISTRICT 5 | * | Jury Trial requested |

## COLLECTIVE ACTION COMPLAINT

Plaintiff, Brian Jackson, for his Complaint against Defendant Livingston Parish Fire Protection District 5, does hereby allege as follows:

## INTRODUCTION

1. This is a collective action brought pursuant to the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.* ("FLSA") to recover unpaid overtime, liquidated damages, attorney fees, interest and costs owed to Plaintiff, individually, and all other similarly situated employees of Defendant.

2. Plaintiff and all other similarly situated employees are or were employed by Defendant as fire suppression personnel (firefighters) in the Parish of Livingston, State of Louisiana.

3. Plaintiff and all other similarly situated firefighters routinely worked in excess of one hundred six (106) hours per two-week work cycle without being paid overtime compensation "at a rate not less than one and one-half times their regular rate," as required by the FLSA.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this claim pursuant to 29 U.S.C. §216(b) and 28 U.S.C. §1331. Plaintiff's claims arise under §207(a) of the FLSA.

5. Venue is proper in this Court pursuant to 28 U.S.C. §1331(b). The events giving rise to Plaintiff's claims occurred within this District and Defendant is located and has its principal place of business in Livingston Parish, Louisiana, within this District.

## PARTIES

**Plaintiff**

6. Plaintiff, BRIAN JACKSON, is a major individual domiciled in the Parish of Livingston, State of Louisiana. Plaintiff's written consent to be a Plaintiff in this action pursuant to 29 U.S.C. §216(b) is attached hereto as Exhibit "A."

**Defendant**

7. Defendant, LIVINGSTON PARISH FIRE PROTECTION DISTRICT 5, is a political entity recognized under the laws of the State of Louisiana, located at 8098 Florida Boulevard, Denham Springs, Louisiana 70726.

8. Defendant is a "public agency" within the meaning of 29 U.S.C. §203(x).

## FACTUAL ALLEGATIONS

9. Plaintiff was employed by Defendant as a firefighter and given the job title of "Captain" from approximately 2014 to February 6, 2022.

10. Plaintiff was an hourly employee and was paid between $18.25 and $19.75 per hour within the last three years.

11. In addition, Plaintiff and other similarly situated firefighters were paid extra compensation in the form of mandatory, non-discretionary supplemental pay pursuant to LSA R.S. 40:1666.1. Plaintiff received $500 per month in supplemental pay.

12. Plaintiff was only paid for the hours he actually worked. If Plaintiff missed time from work, his pay was reduced or he was required to use vacation pay or paid time off. Plaintiff was not paid on a salary basis.

13. Plaintiff's job duties included responding to fire alarms and engaging in front line fire fighting activities. Plaintiff and all other similarly situated firefighters were engaged in fire protection activities as that phrase is defined in 29 U.S.C. §203(y) and 29 C.F.R. §541.3.

14. Plaintiff and all other similarly situated firefighters are not exempt from the overtime requirements of the FLSA pursuant to 29 C.F.R. §541.3(b), and thus are all eligible for overtime pay.

15. Plaintiff was also required to administer emergency medical care to the sick or injured, provide advanced life support services and administer medications at an emergency scene.

16. Plaintiff was also required to use appropriate fire extinguishers to contain fires, apply appropriate fire streams and agents for the most effective fire extinguishment, use appropriate tools and proper techniques, perform search and rescue and forcible entry operations in order to locate and remove trapped victims from endangered spaces during the fire.

17. Plaintiff was also required to drive, operate and inspect fire apparatus, drive emergency medical vehicles to and from the scene of a fire or other emergencies.

18. Other firefighters had the same or similar job duties as Plaintiff.

19. While Plaintiff could, at times, direct the work of other firefighters or rescue personnel at the scene of a call to which he responded, Plaintiff's fire extinguishment and treatment and rescue of victims was, as described above, his primary duty.

20. Defendant failed to meet the requirements of any exemption from the overtime pay requirements of the FLSA for Plaintiff at any relevant time.

21. Pursuant to 29 U.S.C. §207(k) and 29 C.F.R. §553.201(a), Defendant adopted a qualifying work cycle of fourteen (14) days, during which Plaintiff and all other similarly situated firefighters were scheduled to work eighty-four (84) hours. Pursuant to 29 U.S.C. §207(k) and 29 C.F.R. §553.201(a), a municipality that adopts a fourteen (14) day work period, like Defendant, need not pay overtime compensation to its firefighters until they have worked over one hundred six (106) hours in the two-week work period.

22. Plaintiff, and all other similarly situated firefighters routinely worked in excess of their regularly scheduled eighty-four hours (84) and frequently worked over one hundred six (106) hours in a two-week work cycle by working unmanned open shifts.

23. For example, for the work cycle of January 11, 2021 to January 24, 2021, Plaintiff worked two hundred forty (240) hours and was paid straight time for all hours worked. Plaintiff was not paid an overtime premium for all hours over one hundred six (106) during this work period.

24. For further example, for the work cycle of June 14, 2021 to June 27, 2021, Plaintiff worked two hundred fifty-two (252) hours and was paid straight time for all hours worked. Plaintiff was not paid an overtime premium for all hours over one hundred six (106) during this work period.

25. Despite the non-exempt nature of Plaintiff's and all similarly situated firefighters' duties and the applicability of 29 C.F.R. §541.3, Defendant failed to pay overtime for all hours over 106 in a two-week work cycle.

26. Defendant had knowledge of the hours Plaintiff and similarly situated firefighters worked as Defendant kept track of its employees' hours as part of its payroll system.

27. Defendant knew that the overtime provisions of the FLSA were applicable to Plaintiff and other similarly situated firefighters and showed reckless disregard as to whether it was violating the FLSA by failing to pay them overtime for all hours worked over one hundred six (106) in a two- week work period and by failing to include supplemental pay in calculating overtime.

## FLSA VIOLATIONS AND COLLECTIVE ACTION ALLEGATIONS

28. The allegations in the preceding paragraphs are incorporated by reference as if fully set forth herein.

29. Plaintiff and similarly situated firefighters all worked greater than one hundred six (106) hours in one or more two-week work cycles in the last three years and were not paid overtime as required by the FLSA.

30. Defendant knew or showed reckless disregard for the matter of whether its failure to pay overtime pay was prohibited by law.  Plaintiff and other similarly situated employees are entitled to recover their unpaid overtime compensation, calculated by including supplemental pay in determining the regular and overtime rates of pay, liquidated damages, attorney fees, costs and interest.

31. The Collective for purposes of notice pursuant to 29 U.S.C. §216(b) is defined as:

> All hourly firefighters employed by Livingston Parish Fire Protection District 5 who were not paid overtime wages for all hours worked over one hundred six (106) in a two-week work cycle within the last three (3) years.

32. Defendant's practice and policy of not paying overtime affects Plaintiff and the Collective similarly and is a willful violation of the FLSA. Plaintiff and the Collective members are all victims of Defendant's unlawful compensation practice and are similarly situated to Plaintiff in terms of job duties, pay and employment practices.

33. Plaintiff and the Collective members are similar because they are all covered by 29 C.F.R. §541.3(b), are all paid by the hour and are all, as a matter of law, non-exempt from the overtime requirements of the FLSA.

34. Defendant's failure to pay overtime compensation as required by the FLSA results from a generally applicable, systematic policy and practice and is not dependent on the personal circumstances of any Collective member.

35. Whether Defendant violated the FLSA by failing the pay Plaintiff and the Collective members overtime is a threshold legal issue that can be determined using representative testimony in a collective action.

## **RELIEF SOUGHT**

**WHEREFORE**, Plaintiff, individually and on behalf of all other similarly situated firefighters, prays for Judgment in their favor and against Defendant as follows:

a. For an Order authorizing preliminary discovery on the issue of whether Plaintiff and the Collective members are similarly situated under the FLSA;

b. For an Order recognizing this proceeding as a collective action Under §216(b) of the FLSA and ordering Notice to the Collective members;

c. For Judgment in favor of Plaintiff and the Collective members, and against Defendant for unpaid overtime wages due and for liquidated damages equal to unpaid overtime compensation;

d. For an award of costs, attorney fees and pre- and post-judgment interest; and

e. All such other and further relief to which Plaintiff and the Collective members may be entitled.

## JURY DEMAND

Plaintiff demands trial by jury on all issues against all parties.

Respectfully Submitted:

By: */s/ Philip Bohrer*
Philip Bohrer (LA Bar 14089)
phil@bohrerbrady.com
Scott E. Brady (LA Bar 24976)
scott@bohrerbrady.com
**BOHRER BRADY, LLC**
8712 Jefferson Highway, Suite B
Baton Rouge, Louisiana 70809
(225) 925-5297 Phone
(225) 231-7000 Fax